UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ST. MICHAELS ANGLICAN
CATHOLIC CHURCHOF PANAMA
CITY FLORIDA INCORPORATED,

    Plaintiff,

vs.                                    Case No.: 5:20-cv-235-AW-MJF

CHURCH MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**JOINT REPORT FOR PARTIES PLANNING CONFERENCE AND PROPOSED ALTERNATE DISCOVERY AND SCHEDULING DEADLINES**

The Parties, pursuant to Rule 26(f), Federal Rules of Civil Procedure, and pursuant to Allen Winsor's September 9, 2020 Initial Scheduling Order (Doc. 5), hereby file the following Joint Report for the Parties' Planning Conference and would state as follows:

    1.    **CONFERENCE ATTENDANCE**

On September 17, 2020, counsel for Plaintiff, R. Waylon Thompson, Esq. and Lauren K. Dodge, Esq., and counsel for Defendant, Alexander S. Whitlock, Esq. attended, by telephone a Joint Planning Conference in this matter. Counsel jointly

1

states that the following statements and proposed deadlines were agreed upon by all parties and respectfully requests this Court adopt the Parties' proposed deadlines.

## 2. MAGISTRATE JUDGE JURISDICTION

Pursuant to Local Rule 73.1, the parties have conferred regarding Magistrate Judge jurisdiction over this case and are in agreement with same.

## 3. NATURE AND BASIS OF CLAIMS AND DEFENSES

**Plaintiff's position:**

Plaintiff's, ST. MICHAELS ANGLICAN CATHOLIC CHURCH OF PANAMA CITY FLORIDA INCORPORATED's, property located at 711 Venetian Way, Panama City, Florida 32405, insured under a policy of insurance policy number 0121835-02-891707 with Defendant, CHURCH MUTUAL INSURANCE COMPANY. On or about October 10, 2018, Plaintiff's property was damaged by the forces of Hurricane Michael, which Plaintiff contends was a covered loss under the policy issued by Defendant. Plaintiff filed a claim with Defendant for the damages to the property. Defendant thereafter determined that a covered loss occurred, inspected the property and completed an estimate indicating its assessment of the value of the loss and subsequently provided the estimate to Plaintiff. Plaintiff contends Defendant has failed to pay the claim pursuant to the terms and conditions of the policy of insurance as the gross amount of loss it determined was insufficient

and inconsistent with the coverage provided by the policy. Plaintiff contends Defendant's gross under payment of Plaintiff's claim is a breach of insurance contract.

**Defendant's position:**

Defendant, CHURCH MUTUAL INSURANCE COMPANY, issued Policy No. 0121835-02-891707 to Plaintiff, which insured its property located at 711 Venetian Way, Panama City, Florida 32405. The Policy provided Building and Personal Property Coverage to the Plaintiff and provided that Plaintiff's covered Building and Personal Property are valued on a Replacement Cost basis. Following Plaintiff's claim, Defendant timely inspected Plaintiff's property and determined the value of the loss. Defendant subsequently re-inspected Plaintiff's property on two occasions, at Plaintiff's request, and re-adjusted its determination regarding the value of Plaintiff's loss when additional information was provided. Defendant has issued payments, and supplemental payments, based on its re-inspections and the additional information obtained, to the Plaintiff in accordance with the terms and conditions of the Policy. To date, Plaintiff has elected not to undertake repairs to its covered property, which is required under the Policy in order to recover the Replacement Cost value of its claim. Defendant has performed as required under the terms and conditions of the policy and has not breached the policy of insurance.

4. **PROMPT SETTLEMENT POSSIBILITY**

Once the current pending pleadings have been resolved and Defendant has responded to Plaintiffs' initial paper discovery, mediation may assist in reaching a prompt resolution or settlement.

5. **PARTIES DISCOVERY REQUIREMENTS**

The parties proposed discovery requirements and dates are set forth in the table below. Otherwise, the date for commencing discovery is **September 17, 2020**.

    A.    Discovery will be needed on these subjects:

        (i)    Plaintiff's allegations regarding its claims, as set forth in their Complaint;

        (ii)    The alleged damages sought by Plaintiff and any efforts to mitigate those damages;

        (iii)    Defendant's alleged Affirmative Defenses that will be set forth in its Answer and any other defenses that may become applicable during discovery;

        (iv)    All other issues raised by the pleadings;

        (v)    Any expert disclosures and discovery; and

        (vi)    All other materials that will reasonably lead to the discovery of admissible evidence.

B.     Maximum number of Interrogatories and Requests for Admissions by each party and the response due dates are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

C.     Each party shall be limited to 10 depositions, unless otherwise agreed to by the parties or ordered by the Court.

D.     Maximum number of Requests for Production by each party and the response due dates are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

E.     All written discovery shall be propounded so that responses are due by the discovery deadline, **May 7, 2021**.

F.     Defendant shall respond to Plaintiff's First Interrogatories and Request for Production, served with the initial Complaint, within thirty (30) days of this planning conference.

G.     If Defendant wishes to re-inspect Plaintiff's property, Plaintiff consents to same.

H.     The parties Corporate Disclosure Statement, if not already filed, will be filed and served by September 23, 2020.

### 6. DISCOVERY OF ELECTRONIC OR COMPUTER BASED MEDIA

The parties will likely request or produce information from electronic or computer-based media.

A. Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

B. The parties will make every effort to produce the electronic documents either via electronic dropbox/file sharing or on compact discs or flash drives.

C. The parties agree that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

D. If privileged information is inadvertently produced, the parties will comply with Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

No other problems are anticipated by the parties in connection with electronic discovery.

### 7. TRIAL DATE ESTIMATE

Due to the current uncertainty surrounding Covid-19 and its impact on the parties ability to conduct discovery and the judicial systems ability to conduct jury trials, the parties are concerned that this case will not be ready for trial within eight (8) months. Plaintiff requests that this matter be set for trial to commence on **June**

**7, 2021**. Plaintiff request that the parties submit their Joint Final Pre-Trial Statement by **May 14, 2021** and that the Final Pre-Trial Conference be held by **May 21, 2021**.

However, Defendant requests a trial date of **August 2, 2021** or later. Church Mutual's corporate representative, Lynn Renlund, has a conflict with the current two-week trial period commencing July 7, 2021. Defendant has timely filed its Notice of Conflict with Trial Date (ECF No. 6). Defendant believes that an August trial date is necessary to accommodate all discovery and depositions required for each party to fully prepare their respective cases as well as prepare any dispositive motions. Further, this date accommodates the potential for a mediation after the completion of all written discovery and depositions. Defendant believes that this is the best method to ensure a meaningful alternative dispute resolution process with the highest potential to resolve the matter without proceeding to trial as well as accommodating for any potential difficulties related to COVID-19 that may arise and impede any inspection, travel, or other discovery. Defendant request that the parties submit their Joint Final Pre-Trial Statement by **July 2, 2021** and that the Final Pre-Trial Conference be held by **July 9, 2021**.

### 8. RULE 26(a)(1) DISCLOSURES

The parties will complete Rule 26(a)(1) disclosures on or before October 1, 2020.

## 9. <u>MANUAL FOR COMPLEX LITIGATION</u>

This case should not be subject to the Manual for Complex Litigation.

## 10. <u>PARTIES PROPOSED TIMETABLES AND DEADLINES</u>

The following table represents the parties proposed timetables and deadlines for this case:

| EVENT | PROPOSED DATES |
|---|---|
| Join Parties and Amend Pleadings | Plaintiff – October 29, 2020<br>Defendant – November 16, 2020<br><br>After these dates, amending the pleadings and/or joining additional parties will only be permitted with leave of the Court and for good cause. The Court will consider, inter alia, whether the granting of leave would delay trial. |
| Mandatory Initial Disclosures, pursuant to Fed.R.Civ.P. 26(a)(1) | All Parties – October 1, 2020 |
| Mediator must be selected | November 30, 2020 |
| Expert Witness Disclosure | Plaintiff – January 22, 2021<br>Defendant – February 15, 2021<br><br>Supplementations of reports or information shall be made by all parties reasonably as they become aware that information previously disclosed is incomplete or incorrect, and in any event, not later than the end of the discovery period and again thirty (30) days before the beginning of the session of Court at which the case |

|  | is set for trial, in conjunction with the other disclosures required by Rule 26(a)(3). |
|---|---|
| Witness and Exhibit List | Under Rule 26(a)(3), in accordance with the Court's Scheduling Order to be entered after completion of discovery. The Final date to file objections under Rule 26(a)(3) is 14-days after the parties' Rule 26(a)(3) disclosures, or as otherwise set by the Court. |
| Discovery Deadline | May 7, 2021 |
| Estimated Length of Trial | 5 days |
| Jury/Non-Jury | Jury |

The Parties disagree as to the following:

A. The parties disagree on the deadline to file dispositive motions and Daubert motions:

  I. Plaintiff requests that the deadline to file dispositive and Daubert motions be **May 7, 2021**.

  II. Defendant requests that the deadline for dispositive motions be 21-days after the close of discovery, **May 28, 2021**. Defendant has no opposition to the deadline to submit Daubert motions being the same day, permitted that the parties may seek leave from the Court to file a Daubert motion after that deadline for good cause.

B.     The parties disagree as to the deadline to mediate. Plaintiff has requested a mediation deadline of **January 15, 2021**. Defendant requests that the deadline to mediate be 14-days after the close of discovery, **May 21, 2021**.

C.     Plaintiff and Defendant disagree on the deadline to file all other motions, other than dispositive motions & Daubert motions, including motions in limine:

    I.     Plaintiff has requested a **May 3, 2021** deadline.

    II.    Defendant does not agree with a blanket deadline prohibiting all motions as it would prevent the parties from seeking redress from the Court for any issues that may arise from the 4-days prior to the close of discovery through trial. Defendant requests that this deadline be 14-days after the close of discovery, **May 21, 2021**, and that the parties may seek leave of the Court to file later motions for good cause.

    The Parties reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

## 11. PENDING MOTIONS

Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Memorandum of Law Opposing Defendant's Motion to Dismiss are pending.

| | |
|---|---|
| **MANUEL & THOMPSON, P.A.** | **GUILDAY LAW, P.A.** |
| **/s/ R. Waylon Thompson** | **/s/Alexander S. Whitlock** |
| **R. Waylon Thompson, Esq.** | **George W. Hatch, III, Esq.** |
| Florida Bar No.: 0769381 | Florida Bar No.: 0072028 |
| waylon@manuelthompson.com | george@guildaylaw.com |
| **Lauren K. Dodge, Esq.** | **Alexander S. Whitlock, Esq.** |
| Florida Bar No. 1003160 | Florida Bar No. 118001 |
| lauren@manuelthompson.com | alex@guildaylaw.com |
| P.O. Box 1470 | 1983 Centre Pointe Blvd., Ste. 200 |
| Panama City, Florida 32402 | Tallahassee, Florida 32308 |
| Telephone: (850) 785-5555 | Telephone: (850) 224-7091 |
| Facsimile: (850) 785-0133 | Facsimile: (850) 222-2593 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |